# Court of Appeals
# of the State of Georgia

ATLANTA, February 25, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0662.  THE STATE v. OWENS.**

In the above-referenced appeal, the jury found Owens guilty on two counts of felony murder and one count of involuntary manslaughter, but the trial court merged the felony murder convictions with the involuntary manslaughter conviction for sentencing. The State's sole enumeration of error is that the trial court erred in finding the jury's verdicts mutually exclusive and entering judgment and sentence only as to involuntary manslaughter. *Cf. Kipp v. State*, 294 Ga. 55, 58-61 (751 SE2d 83) (2013) (addressing defendant's argument that guilty verdicts for felony murder and involuntary manslaughter were mutually exclusive); *Jackson v. State*, 276 Ga. 408, 409-413 (2) (577 SE2d 570) (2003) (same). The Georgia Constitution of 1983 gives the Supreme Court of Georgia appellate jurisdiction over "[a]ll cases in which a sentence of death was imposed or could be imposed." Ga. Const. of 1983, Art. VI, Par. III (8); *see also Neal v. State*, 290 Ga. 563, 567 (722 SE2d 765) (2012) (Hunstein, C.J., concurring). *Cf. Kittles v. State*, 200 Ga. 625, 625 (37 SE2d 704) (1946) (holding that Court of Appeals of Georgia had jurisdiction over case in which appellant was indicted for murder but convicted of voluntary manslaughter).

Given the jury's finding of guilt on two counts of felony murder and the Supreme Court's appellate jurisdiction over murder cases, we hereby transfer this case to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 02/25/2014

      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*